**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHERYL A. L.,

                Plaintiff,

  -against-                                            5:23-CV-00151 (AMN/TWD)

MARTIN J. O'MALLEY,

                Defendant.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **LAW OFFICES OF KENNETH HILLER, PLLC**<br>6000 North Bailey Avenue – Suite 1A<br>Amherst, New York 14226<br>Attorneys for Plaintiff | **JUSTIN M. GOLDSTEIN, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorneys for Defendant | **JASON P. PECK, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.     INTRODUCTION**

On February 3, 2023, Plaintiff Cheryl A. L.[1] commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") benefits ("Complaint").[2]  Dkt. No. 1.[3]

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on February 5, 2024, recommended that the Court grant Commissioner's motion for judgment on the pleadings, Dkt. No. 15, and dismiss the Complaint ("Report-Recommendation").  Dkt. No. 17.  Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 25.  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023)

---

[2] For a complete recitation of the background facts, the reader is referred to the Report-Recommendation, Dkt. No. 17 at 2-3, 11-15.
[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

(quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks concluded that the Commissioner's decision complied with the relevant legal standards and was supported by substantial evidence.  Dkt. No. 17 at 24; *see also id.* at 16-24.  The Court agrees with Magistrate Judge Dancks for the reasons set forth in the Report-Recommendation.  *See, e.g., Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.) (citations and internal quotations omitted), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 29, 2024
         Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge